Sylvia Franky **MONTAÑEZ**, Plaintiff,

v.

**PUERTO RICO POLICE DEPARTMENT, et al.,** Defendants.

No. 95–1322 PG.

United States District Court, D. Puerto Rico.

Jan. 12, 1999.

Frank D. Inserni–Milam, San Juan, PR, for plaintiff.

Isabel Abislaiman–Quilez, Garcia & Fernandez, Hato Rey, PR, Maria Alejandra Mercado–Betancourt, Gonzalez & Vilella, San Juan, PR, Karen Morales–Ramirez, Benjamin Acosta Law Offices, Old San Juan, PR, Juan J. Vilella–Janeiro, Gonzalez & Vilella, San Juan, PR, for defendants.

David Calderon, Bayamon, PR, pro se.

Carlos Castano–Monell, Carolina, PR, pro se.

Roberto Lefranc–Morales, Santurce, PR, pro se.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

On September 4, 1998 plaintiff Sylvia Franky Montañez filed under 41 U.S.C. § 1983 a second amended complaint before this Court alleging that defendants had either sexually harassed her and/or encouraged and/or knowingly permitted such harassment against her person, thus violating her rights under the Civil Rights Act of 1991, Amended Civil Rights Act of 1964, Pub.L. No. 102–166, 102nd Cong.; and 29 Puerto Rico Laws 155(J). Pending before this Court is plaintiff's motion requesting annulment of jury selection on account of discriminatory exercise of peremptory challenges. (Dkt.80). For the reasons stated below, the Court finds merit in plaintiff's contention.

### Procedural Background

On January 11, 1998, the case at bar was called to trial and jury selection was initiated. A panel of thirty-three (33) potential jurors was called of which only twenty-seven (27) actually showed up. Out of those twenty-seven (27), nineteen (19) were males and eight (8) females. Subsequently, this Court proceeded to strike three jurors (two males and one female) for cause and determined the order of selection pursuant to the list prepared at random by the computer of the Clerk's Office. Of the first sixteen (16) jurors from whom the parties could exercise peremptory challenges, only five were women.

Pursuant to Fed.R.Civ.P. 47(b), defendants exercised four peremptory challenges, all of which were targeted at female jurors:

Martina Roque Delgado (juror # 02), Vivian M. Acevedo Mora (juror # 05), Aurea Vargas Rivera (juror # 16), and Gisela Steinmetz (juror # 18). At the end of the jury selection process, plaintiff had not raised any objections based on the fact that the jurors excused as a result of the peremptory challenges were female. The following day, however, plaintiff filed the present motion in controversy, arguing that said peremptory challenges were exercised against female jurors solely on the basis of gender, in violation of the Equal Protection Clause of the Fourteenth Amendment.

In order to address plaintiff's motion, this Court held a hearing and explicitly requested an explanation from defendants' counsel as to the reasons motivating their peremptory challenges to jurors Roque Delgado, Acevedo Mora, Vargas Rivera, and Steinmetz. This Court also heard the plaintiff as to her arguments in support of her motion.

The defendants offered the following explanations: With respect to Roque Delgado, defendants asserted that she was considered to be an undesirable juror because she has three daughters of ages contemporaneous to the plaintiff's. Thus, defendants claim that Roque Delgado may sympathize with the plaintiff without evaluating the evidence. With respect to Acevedo Mora, defendants' offered as an explanation that their "gut instinct" indicated to them that her way of talking and looking, or demeanor in general, made her an undesirable juror. With respect to Vargas Rivera, defendants emphasize that she is a social worker (as is her retired husband) and that she may have in other occasions confronted similar situations to the ones alleged by the plaintiff, thus affecting her impartiality. Finally, defendants assert that although they had no particular reason to strike Steinmetz, they strongly preferred to have Carlos López Martínez (juror # 17) as a juror because he has more education than Steinmetz, and such credentials supposedly make him more prone to evaluate the case rationally, rather than emotionally.

### Analysis & Discussion

"[T]he Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man." *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 146, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). Furthermore, potential jurors have "the right not to be excluded summarily because of discriminatory and stereotypical presumptions ...." *Id.* at 141, 114 S.Ct. 1419.

A party alleging gender discrimination must make a prima facie showing of intentional discrimination. *Id.* at 144–145, 114 S.Ct. 1419. A showing of intentional discrimination depends on "the totality of the circumstances of the litigation." *Hernandez v. New York,* 500 U.S. 352, 364, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). *See also Rodriguez–Hernandez v. Miranda–Velez,* 132 F.3d 848, 855 (1st Cir.1998). After having evaluated defendants' explanations for their peremptory challenges and the totality of the circumstances surrounding this sexual harassment lawsuit, this Court find that defendants illegally discriminated in the jury selection process on the basis of gender.

The fact that a juror has three daughters of approximately similar age than the plaintiff has no bearing on the way she would analyze the merits of the case. Needless to say, "gut instinct" is not an impressive explanation either. A juror whose spouse is a retired social worker does not appear to exhibit any inherently biased views on sexual harassment matters. So it is true as well with regard to education, since there is no apparent correlation between an individual's level of education and her capacity to determine whether someone has received unwelcome sexual advances.

One final matter needs to be addressed, namely the timeliness of plaintiff's motion. Peremptory challenges must be made "at a time sufficient to 'provide the trial judge and opposing counsel with an opportunity to address the matter.'" *Brewer v. Marshall,* 119 F.3d 993, 1003 (1st Cir. 1997) (citations omitted). Failure to provide an objection contemporaneous to the trial

proceedings can be fatal for appeals related to discrimination in the jury selection process. *Real v. Hogan*, 828 F.2d 58, 62 (1st Cir.1987) (citations omitted). Although plaintiff did not make her objection during the jury selection process, she readily presented her objection soon thereafter. Hence, this Court finds that opposing counsel had a fair opportunity to address the matter during the hearing provided subsequent to the filing of plaintiff's motion. Having failed to offer this Court a satisfactory explanation for striking only female jurors during jury selection in a sexual harassment lawsuit, the jury is hereby dismissed and a new one shall be selected.

### Conclusion

"As with race, the 'core guarantee of equal protection, ensuring citizens that their State will not discriminate ..., would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors' [gender].'" *J.E.B., supra,* at 146, 114 S.Ct. 1419, *quoting Batson v. Kentucky,* 476 U.S. 79, 97–98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

WHEREFORE, the Court hereby GRANTS plaintiff's motion for annulment of jury selection.

IT IS SO ORDERED.